UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN WAYNE SWEAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00090-JPH-MKK |
| | ) |
| NORTON, | ) |
| VAUGHN, | ) |
| BENEFIEL, | ) |
| BOUNCE, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING
FURTHER PROCEEDINGS**

Plaintiff Kevin Wayne Sweat is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). He filed this civil action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated after a correctional officer assaulted him. Because the Mr. Sweat is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c). Mr. Sweat has also filed a motion for assistance with recruiting counsel and a motion for assistance with service of summons, both of which the Court addresses in this Order. Dkts. 11, 12.

**I. Motion for Assistance with Recruiting Counsel**

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a

practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded

from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Sweat has attempted to contact multiple attorneys with requests for representation without success. *See* dkt. 11 at 2. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan,* 987 F.3d at 682 (citing *Pruitt,* 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Mr. Sweat represents that he graduated from high school but that he has delayed comprehension and was in special education classes in high school. Dkt. 11 at 2. He states that he has PTSD that developed after his child died. *Id.* at 3. He represents that other inmates have helped him with this case but are no longer able to help him. *Id.* Finally, he states that he needs counsel because, "Every time I step in a court room my deceased daughter appears there. And makes it very difficult to calmly [participate]." *Id.*

3

The Court recognizes that Mr. Sweat has difficulties with comprehension and may not always have access to other inmates to help him with this case, but he graduated from high school, and his filings to this Court—including those filed after Mr. Sweat apparently lost the help he had been receiving from other inmates—have been comprehensible and reflect an ability to communicate with the Court about this case. *See, e.g.*, dkts. 11, 12, 14. The Court also understands that Mr. Sweat suffers from PTSD, but he has described only one way in which that condition affects his ability to litigate this case—namely, his difficulties when he must be in a courtroom. At this point of the proceedings, no in-person court appearances are anticipated.

Finally, as described in more detail below, Mr. Sweat will proceed in this case on one claim—an Eighth Amendment excessive-force claim against Officer Norton based on an allegation that Officer Norton assaulted him with an apple. The case is both factually and legally straightforward. After screening, the case will proceed to discovery. Mr. Sweat has personal knowledge of most of the facts, and Officer Norton will be required to provide him with significant information as part of her initial disclosures. Mr. Sweat will also be able to seek discovery through the tools available under the Federal Rules of Civil Procedure.

For all of these reasons, the Court finds that Mr. Sweat is currently competent to litigate this case on his own. Accordingly, his motion for assistance with recruiting counsel, dkt. [11], is **denied without prejudice**. The Court will remain alert to changes in circumstances that may warrant reconsideration of

the motion, such as a settlement conference, trial, or other proceeding that requires Mr. Sweat's presence in a courtroom.

## II. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## III. The Complaint

Mr. Sweat names four defendants in his complaint: (1) Officer Norton; (2) Sergeant Vaughn; (3) Investigator Benefiel; and (4) Officer Bounce. He seeks money damages. He bases his complaint on the following allegations:

On March 20, 2022, while Mr. Sweat was working, Officer Norton "weaponized" an apple and struck Mr. Norton in the back of his neck, causing

5

injury. Dkt. 2 at 2. Mr. Sweat states that Officer Norton did this "for no reason." *Id.* He alleges that, as a result of the incident, he has three fingers that are numb. At the same time that Officer Norton struck Mr. Sweat with the apple, she threw hand sanitizer into Officer Bounce's eye. Mr. Sweat alleges that Officer Bounce violated his rights by failing to protect him from the assault by Officer Norton and failing to report Officer Norton's assault.

After Sergeant Vaughn became aware of the assault by Officer Norton, he failed to file an incident report. Instead, he and another officer confronted Mr. Sweat, displayed a can of mace in an intimidating manner, and stated, "If I hit you with this I would [lose] my job." *Id.* at 3. He also stated that Officer Norton was sorry for hitting Mr. Sweat with the apple.

Mr. Sweat alleges that Investigator Benefiel violated his rights by "tampering with evidence, witnesses, and by not conducting a correct investigation, by protecting his [sergeant] and officers." *Id.* at 4. He alleges that Officer Benefiel recommended to Mr. Sweat's counselor that he be approved for a higher paying porter position in the cell house "for my protection following my good work evaluation after Officer Norton appeared on video assaulting me." *Id.* Mr. Sweat also alleges that Investigator Benefield "repeat[ed] what [the warden] stated, 'video [unavailable] for your viewing after describing what he could clearly see on each of the 3 videos." *Id.*

## IV. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, Mr. Sweat's allegations against Officer Norton implicate the Eighth Amendment, which protects inmates from cruel and unusual punishment, including excessive force by prison officials. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). This rule does not bar de minimis force and a defendant is liable only if the force is "of a sort repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010) (per curiam) (cleaned up). Even if the force applied is not de minimis, it remains permissible if used "in a good-faith effort to maintain or restore discipline." *McCottrell*, 933 F.3d at 664 (cleaned up). But malicious or sadistic force—even if it does not cause a serious injury—is prohibited. *Id.* To distinguish between good- faith and malicious force, courts consider a number of factors, including:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

*Id.* at 663; *see also Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Construing Mr. Sweat's complaint liberally and recognizing that he alleges that Officer Norton's assault with an apple caused permanent numbness in three fingers, his Eighth Amendment excessive-force claims against Officer Norton **shall proceed**.

Second, Mr. Sweat's claims against Investigator Benefiel are **dismissed**. While the Court understands that Mr. Sweat has complaints with the way Investigator Benefiel investigated Officer Norton's assault and contends that

7

Officer Benefiel should have provided him with video of the incident, he does not suggest that those actions injured him. *See Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013) ("there is no tort—common law, statutory, or constitutional—without an injury, actual or at least probabilistic"). As to the job transfer, the Court does not understand Mr. Sweat to be complaining that the transfer harmed him—instead, the Court understands him to be alleging that transferring him to a higher paying job was part of the "cover up" of Officer Norton's assault. And, to the extent that Mr. Sweat is complaining about the job transfer, being moved to a different prison job is not—standing alone—a constitutional violation. *See, e.g., Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (claims that inmate "lost his preferred prison living arrangement, his prison job and his eligibility for alternative programs" did not trigger due process concerns).

Third, Mr. Sweat's claims against Sergeant Vaughn are **dismissed**. Again, while the Court understands that Mr. Sweat would have liked Sergeant Vaughn to file an incident report about the assault, he alleges no harm associated with the failure to file the report. And, while the allegations about Sergeant Vaughn's threatening actions and words are concerning, standing alone, such an isolated threat does not amount to a constitutional violation. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").

Fourth, Mr. Sweat's claims against Officer Bounce are **dismissed**. Again, Mr. Sweat's complaint includes no allegations suggesting that Officer Bounce's failure to report the assault harmed him. Mr. Sweat also appears to allege that Officer Bounce failed to protect him from the assault by Officer Norton, but his complaint includes no facts plausibly suggesting that Officer Bounce had a reasonable opportunity to stop Officer Norton from assaulting him with the apple, which is necessary to sustain such a claim. *See Miller v. Gonzalez*, 761 F.3d 822, 826 (7th Cir. 2014) (cleaned up) (An officer "can be liable for another officer's excessive force only if that officer had a realistic opportunity to intervene and stop the first officer's actions. A 'realistic opportunity' means a chance to warn the officer using excessive force to stop.").

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Sweat believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through September 15, 2023,** in which to identify those claims.

### V. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to Officer Norton in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve Officer Norton, who is an employee of the Indiana Department of Correction, electronically.

9

Because the Court will assist Mr. Sweat with serving process on Officer Norton, his motion for assistance with service, dkt. [12], is **denied as unnecessary**.

### VI. Summary and Conclusion

In summary, Mr. Sweat's motion for assistance with recruiting counsel, dkt. [11], is **denied without prejudice** for the reasons stated in Section I. His motion for assistance with service, dkt. [12], is **denied as unnecessary**. Mr. Sweat is being allowed to proceed with Eighth Amendment excessive-force claims against Officer Norton as discussed in Section III. All other claims have been dismissed. If Mr. Sweat believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through September 15, 2023,** in which to identify those claims. The **clerk is directed** to issue process and serve Officer Norton as set forth in Section IV. The **clerk is directed** to terminate Sergeant Vaughn, Investigator Benefiel, and Officer Bounce as defendants on the docket.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 8/18/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEVIN WAYNE SWEAT
280706
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:
    Officer Norton
    (At Wabash Valley Correctional Facility)