UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN WAYNE SWEAT,                            )<br>                                                           )<br>           Plaintiff,                                   )<br>                                                           )<br>      v.                                                  )      No. 2:23-cv-00090-JPH-MKK<br>                                                           )<br>NORTON Officer,                                    )<br>                                                           )<br>           Defendant.                               ) | |

**ORDER DENYING WITHOUT PREJUDICE RENEWED MOTION
FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff, Kevin Wayne Sweat, has filed a third motion for assistance recruiting counsel. Dkt. 47. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from

1

doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Plaintiff has attempted to contact multiple attorneys with requests for representation without success. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually

and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

The Court twice previously denied Plaintiff's requests for counsel, which raised nearly identical claims about his inability to represent himself. Dkts. 16, 38. The Court reiterates that it "recognizes that Mr. Sweat has difficulties with comprehension and may not always have access to other inmates to help him with this case, but he graduated from high school, and his filings to this Court—including those filed after Mr. Sweat apparently lost the help he had been receiving from other inmates—have been comprehensible and reflect an ability to communicate with the Court about this case." Dkt. 16 at 4. And, it is still true that this "case is both factually and legally straightforward." *Id.* After Plaintiff's latest motion for counsel, Defendant filed a motion for summary judgment, and Plaintiff filed a brief in opposition. Dkts. 49, 55. Plaintiff's brief reflects what has been true throughout these proceedings, that he has been able to adequately represent himself. The brief coherently responds on the merits to Defendant's motion.

Plaintiff's renewed motion for assistance recruiting counsel is **denied without prejudice**. Dkt. [47]. Defendant's motion for summary judgment, dkt. 49, remains under advisement and will be ruled on in due course.

3

**SO ORDERED.**

Date: 10/10/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

KEVIN WAYNE SWEAT
280706
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only